IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO.  SA-14-CR-790 DAE |
| | ) | |
| MARK ANTHONY GRIMES | ) | |

## NOTICE OF MANDATORY DETENTION AFTER CONVICTION

Comes now the United States of America, by and through Tracy Thompson, Assistant United States Attorney for the Western District of Texas, and files the above-captioned Notice to advise both the Court and the defendant that due to the defendant's conviction of the crime with which he has been charged, federal law requires he be remanded to the custody of the United States Marshals Service.  Title 18, United States Code, Section 3143(a) governs the release or detention of a defendant pending sentencing. That law provides in relevant part:

> (2) ***The judicial officer shall order*** that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> (A)(i)   the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; **or**
>
> (ii)  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**
>
> (B)   the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added).

In this case, defendant Grimes stands convicted of count one, distribution of child pornography, and therefore falls under the umbrella of this statute. That is because the charge – knowing distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) – is a felony child pornography offense listed in Chapter 110 of the criminal code. For purposes of Sections 3141 through 3150, all felony offenses listed in Chapter 110 are considered "crimes of violence." *See* 18 U.S.C. § 3156(a)(4)(C) (defining the term "crime of violence" to include "any felony under chapter ... 110"). The clear language of Section 3143(a)(2) applies to any person who has been convicted of an offense listed in Section 3142(f)(1)(A), which includes "a crime of violence." *See* 18 U.S.C. § 3142(f)(1)(A); *see also generally United States v. Sharp*, 517 F. Supp. 2d 462, 463 (D.D.C. 2007) (applying the same analysis to Chapter 110 felony convictions).

The law provides three possible exceptions to the application of Section 3143(a)(2), and none of them apply in this case. First, the Court has to find a substantial likelihood that a motion for acquittal or new trial would be granted. *See* 18 U.S.C. § 3143(a)(2)(A)(i). In this case, the defendant signed a written plea agreement and knowingly and voluntarily pleaded guilty in open court to distributing child pornography, a crime of violence, on June 2, 2016. Second, the undersigned attorney for the Government could recommend that no sentence of imprisonment be imposed. *See* 18 U.S.C. § 3143(a)(2)(A)(ii). There is a mandatory minimum sentence in this case of 60 months imprisonment. The advisory guideline range in this case is 210-240 months imprisonment, capped only because of the statutory maximum of 240 months. A sentence of no imprisonment would be an illegal sentence. The government will be recommending a sentence within the advisory guideline range of 210 – 240 months imprisonment.

Barring either event, the Court would be required to detain the defendant unless the third exception applied – that is, that the defendant could clearly show that there are "exceptional reasons why [his] detention would not be appropriate."  *See* 18 U.S.C. § 3145(c).[1]

Courts have generally read the phrase "exceptional reasons" to mean circumstances that are "clearly out of the ordinary, uncommon, or rare."  *See United States v. Briggs*, No. 08-215 (CKK), 2008 U.S. Dist. LEXIS 72012, *5 (D.D.C. Sept. 22, 2008) (unpub.) (citing *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993); *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991); *United States v. Devinna*, 5 F. Supp. 2d 872, 873 (E.D. Cal. 1998) (holding that a defendant must show something more than a low likelihood of flight or danger to others)).

In *United States v. Fussell*, No. 5:08-cr-5-Oc-19GRJ, 2008 U.S. Dist. LEXIS 96210 (M.D. Fla. Nov. 14, 2008) (unpub.), the district court was presented with a defendant convicted of drug charges but acquitted on a related gun charge.  The defendant's attorney proposed several "exceptional reasons" for his client's release pending sentencing, all of which were enumerated by the district court:

> Defendant has no significant criminal history prior to this case, Defendant was gainfully employed at all times when he was not incarcerated prior to trial, Defendant was arrested on state charges and released from the Sumter County Jail after posting a surety bond, Defendant cooperated with federal agents prior to his federal indictment, Defendant voluntar[il]y surrendered to federal agents upon learning of the federal warrant issued for his arrest based on the federal indictment, the U.S. Magistrate Judge authorized his pretrial release on special conditions, Defendant satisfactorily complied with his conditions of release and participated in

---

[1] For either the second or the third exception to apply, the Court must also find that the defendant poses no risk of flight and no risk to the safety of the public.

> "two additional Rule 11 Proffers" with federal officials,
> Defendant's assistance prior to trial has been "fully accurate,
> helpful, and complete," Defendant would have pled guilty if
> the Government dismissed the firearms charge, reversal of
> this Court's denial of his Motion to Suppress would result in
> a reversal of his conviction and would require at least a new
> trial, and Defendant's parents are each approximately 80
> years of age.

*Fussell*, 2008 U.S. Dist. LEXIS 96210, at *19-20.  Nevertheless, the court concluded that

none of those reasons were sufficiently "exceptional" and ordered the defendant detained.

*Id.* at *22 ("Defendant has not clearly shown that there are exceptional reasons why his

detention would not be appropriate, and release would therefore be inappropriate under 18

U.S.C. § 3145(c).").  *But see United States v. Hooks*, 330 F. Supp. 2d 1311 (M.D. Ala.

2004) (Thompson, J.) (finding "exceptional reasons" in the fact that absolutely no

arrangements had been made for the short- or long-term care of the defendant's three minor

children).

The Government does not anticipate that the defendant will be able to make any

showing of exceptional reasons in his case.  The defendant has been under indictment and

out of custody since October of 2014.  He has had numerous scheduled sentencing dates.

He has had plenty of time to get his affairs in order.  There is no other information known

to the government that would even be considered as an exceptional reason.  For the

foregoing reasons, the government is bound under 18 U.S.C. § 3143(a)(2) to seek

defendant's remand to custody and respectfully submits that defendant's circumstances do

not qualify as exceptional so as to warrant further release under 18 U.S.C. § 3145(c).

Respectfully submitted this the 22nd day of June, 2017.


                                          RICHARD L. DURBIN, JR.
                                          UNITED STATES ATTORNEY

                                          */s/ Tracy Thompson*
                                          TRACY THOMPSON
                                          Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          CR NO.  SA-14-CR-790 DAE
                                  )
MARK ANTHONY GRIMES               )

## CERTIFICATE OF SERVICE

I, Tracy Thompson, Assistant United States Attorney, hereby certify that on this the 22nd day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record, including Sam Lock, Esq., counsel for Defendant.

                        Respectfully submitted,

                        */s/ Tracy Thompson*
                        TRACY THOMPSON
                        Assistant United States Attorney